NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0008n.06

No. 18-3370

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jan 09, 2019
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
)
               ) ON APPEAL FROM THE
v. ) UNITED STATES DISTRICT
) COURT FOR THE
KHIRY HENDERSON, ) NORTHERN DISTRICT OF
) OHIO
    Defendant-Appellant. )

Before: BOGGS, KETHLEDGE, and NALBANDIAN, Circuit Judges.

KETHLEDGE, Circuit Judge. Khiry Henderson argues that he received a substantively unreasonable sentence for violating the terms of his supervised release. We reject his argument and affirm.

In 2013, Henderson pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 30 months' imprisonment followed by three years' supervised release. During the second day of a revocation hearing in April 2018—a few months before the end of his supervised release—Henderson told the district court that he had violated the terms of his release. Specifically, Henderson admitted that he had been arrested for domestic violence, had been convicted of disorderly conduct, and had failed to report one of his arrests to his probation officer. The Sentencing Guidelines recommended a sentence of 5 to 11 months' imprisonment, but the district court varied upward and sentenced Henderson to

18 months' imprisonment. We review the reasonableness of that sentence for an abuse of discretion. *See United States v. Adams*, 873 F.3d 512, 516 (6th Cir. 2017).

Henderson first argues that the district court gave "an unreasonable amount of weight" to his arrest for domestic violence. *See United States v. Keller*, 498 F.3d 316, 322 (6th Cir. 2007) (internal quotation marks omitted). That arrest occurred after Henderson knocked his pregnant girlfriend (and mother of two of his children) to the ground and repeatedly punched her. During the sentencing hearing, the district court explained that it was imposing a higher sentence to deter Henderson from future acts of domestic violence, as well as to provide a sufficiently serious punishment. *See* 18 U.S.C. § 3553(a)(2)(A)–(C). The court hoped that the sentence would help Henderson "understand [that his] days of hitting women . . . are over." The district court did not err "simply by attaching great weight" to Henderson's arrest for domestic violence, especially since the court considered other factors—such as Henderson's background and character—in varying upward from the Guidelines. *See United States v. Robinson*, 892 F.3d 209, 214 (6th Cir. 2018) (internal quotation marks omitted).

Henderson also asserts that the district court failed to consider "the totality of the circumstances" presented by his case, including that he had completed some "court-ordered cognitive behavioral therapy" and had not failed any drug tests while on supervised release. But the district court need not recite or give its opinion of every potential relevant circumstance, so long as the record taken as a whole shows that the judge did consider the points made by the defendant before sentencing. *See United States v. Denny*, 653 F.3d 415, 423–24 (6th Cir. 2011). And here the record shows that the district court did just that. The district court did not abuse its discretion. *See United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008).

The district court's sentence is affirmed.